IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-8228 |
| | ) | |
| v. | ) | |
| | ) | |
| THE VILLAGE OF ROBBINS, ILLINOIS, | ) | Honorable Steven Seeger |
| COOK COUNTY, ILLINOIS, THE | ) | |
| SHERIFF OF COOK COUNTY, ILLLINOIS, | ) | |
| Robbins Police Officers KIMBLE, FRANKLIN, | ) | |
| HENDERSON, CAREY, and HATCHETT, | ) | |
| Cook County Sheriffs SHADER, GLEASON, | ) | |
| GRAY, D'ORONZO, NOWACZYK, and | ) | |
| MCGUIRE, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR AN ORDER OF DISMISSAL
PURSUANT TO FEDERAL RULE OF PROCEDURE 41(a)(2)**

NOW COMES Plaintiff, ROBERT HILL, by and through his undersigned attorney, and hereby moves pursuant to Federal Rule of Civil Procedure 41(a)(2) for an order of dismissal of his federal claims and a dismissal of his remaining state law claims without prejudice and with leave to refile in the Circuit Court of Cook County, Illinois. In support thereof, Plaintiff states as follows:

1.       Following a bench trial, Plaintiff, Robert Hill, was found guilty of multiple charges stemming from a November 2005 shooting at Frank's Liquor Store in Robbins, Illinois. Hill appealed to the Appellate Court of Illinois which vacated his convictions and remanded to the circuit court for further proceedings on his Motion to Dismiss the Indictment. Following a hearing on remand, the circuit court dismissed the indictment and, on December 15, 2017, Hill was released from prison immediately and without restriction.

2.     The proceedings in the criminal case continued in the lower court, and the State eventually appealed to the Appellate Court; however, no notice of appeal was ever filed. The Appellate Court ordered the parties to address what became a threshold question of whether it had retained jurisdiction over the matter. Oral arguments are currently scheduled for April 29, 2021 on that issue.

3.     Although there remained ongoing proceedings in the criminal case, given the statute of limitations, Plaintiff filed this civil rights lawsuit in this Court on December 14, 2018. Dkt. 1.

4.     However, given the continuing proceedings in the criminal matter, Plaintiff has subsequently decided to dismiss his federal claims. Plaintiff will later bring all remaining claims under the jurisdiction of the Circuit Court of Cook County.

5.     Plaintiff thus moves pursuant to Federal Rule of Civil Procedure 41(a)(2) for an order of dismissal of the following claims: Due Process (Count I); Unlawful Pretrial Detention (Count II); Conspiracy (Count III); Failure to Intervene (Count IV); and *Monell* (Counts V and VI). *See* Dkt. 50 at ¶¶ 70-97. All claims in Counts I through VI were brought pursuant to 42 U.S.C. § 1983.

6.     Dismissal of Plaintiff's federal claims leaves the following remaining claims: Intentional Infliction of Emotional Distress (Count VII), Malicious Prosecution (Count VIII), Breach of Duty in Training and Supervision (Counts IX and X),[1] Breach of Contract (Count XI), Respondeat Superior (Count XII) and Indemnification (Count XIII). *See* Dkt. 50 at ¶¶ 98-130. All remaining claims are brought under Illinois state law, and Plaintiff moves pursuant to Federal Rule

---

[1] Although Hiring remains a part of Counts IX and X in Plaintiff's First Amended Complaint, *see* dkt. 50, this part of each claim was dismissed with prejudice by order of the Court on Mary 31, 2020. Dkt. 90.

of Civil Procedure 41(a)(2) for an order of dismissal of these claims without prejudice and with leave to refile these claims in the Circuit Court of Cook County.

7.      The terms of dismissal set forth herein are proper, *see* Fed.R.Civ.Pro. 42(a)(2), in that "a Plaintiff is the master of his own complaint," *Mordi v. Zeigler*, 870 F. 3d 703, 707 (7th Cir. 2017), and once dismissal of the federal claims occur, the federal court lacks subject matter jurisdiction over the remaining state law claims. *See Domingo v. Prudential Insurance Company of America*, No. 19-cv-2566, 2020 WL 6545059 at \*9 (N.D. Ill. Nov. 6, 2020) (recognizing that "a court can—and must—consider subject matter jurisdiction at any time") (citing 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3)).

8.      Thus, relinquishing jurisdiction of the remaining claims by dismissal without prejudice allows Plaintiff to continue to litigate his claims in a forum with proper jurisdiction. *See Al's Serv. Center v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims."); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

WHEREFORE, Plaintiff respectfully moves pursuant to Federal Rule of Civil Procedure 41(a)(2) for an order of dismissal of his federal claims and a dismissal of his remaining state law claims without prejudice and with leave to refile in the Circuit Court of Cook County, Illinois.

Respectfully Submitted,

/s/ Julie M. Goodwin
Counsel for Plaintiff

Jon Loevy
Julie Goodwin
Mariah Garcia
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
julie@loevy.com

## **CERTIFICATE OF SERVICE**

I, Julie Goodwin, an attorney, hereby certify that I served the foregoing Plaintiff's Motion for an Order of Dismissal Pursuant to Federal Rule of Procedure 41(a)(2) on all parties of record via the Court's CM / ECF filing system on April 16, 2021.

/s/ Julie M. Goodwin